IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:19-mj-188 |
| GEORGIY SERYOGIN, | ) | |
| a/k/a "George Seryogin" | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CONTESTED MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>**

The United States of America, by and through G. Zachary Terwilliger, United States Attorney, and Raj Parekh and Maureen Cain, Assistant United States Attorneys, respectfully move this Honorable Court for entry of the attached Protective Order, pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Federal Rule of Evidence 502(d). In support thereof, the government states as follows:

1. The government is seeking the entry of the attached Protective Order to aid in protecting the privacy of a 19-year-old victim of abusive sexual contact. The defense has been unwilling to sign the proposed Protective Order because it prohibits the defendant from retaining and/or reviewing any Protected Material outside of counsel's presence. The proposed Protective Order is routinely entered by this Court in a wide array of criminal cases litigated in this district. In fact, the undersigned Assistant United States Attorneys have never had a case in which the defense objected to the entry of such an Order in this Court, until now.

2. On April 23, 2019, the government charged Georgiy Seryogin (the "defendant") by criminal complaint with one count of abusive sexual contact aboard an aircraft in flight, a felony offense, in violation of Title 18, United States Code, Section 2244(b) and Title 49, United

States Code, Section 46506(1). *See* Dkt. Nos. 1-2. If convicted, the defendant faces a maximum of two years in prison, a period of supervised release of no less than five years and a maximum of life, and he would be required to register under the Sex Offender Registration and Notification Act, among other potential penalties.

3. The defendant was arrested in the Eastern District of Virginia on April 23, 2019 upon his surrender later that day and had his initial appearance in this Court. *See* Dkt. Nos. 6-7. On April 24, 2019, the parties appeared for a detention hearing. The Court issued an Amended Order Setting Conditions of Release, which provides, among other things, that the defendant shall not depart the District of Massachusetts or Washington, D.C. metropolitan areas without prior approval of the Court or Pretrial Services. *See* Dkt. Nos. 10 and 12.

4. During the course of the investigation, the United States has gathered or generated documents, including electronic records, which contain confidential and/or sensitive information, including law enforcement sensitive information and personal identifiers for the victim, witnesses, and/or non-parties in this case. These documents and electronic evidence potentially include, but are not limited to, law enforcement investigative reports, materials obtained from the 19-year-old victim, and other documents generated by grand jury subpoena. The government intends to produce these documents and electronic records, in accordance with the Federal Rules of Criminal Procedure, relevant case law, and this Court's standard Discovery Order that the government will ask the Court to enter at the time of arraignment. In fact, prior to charging this case, the government provided defense counsel with a limited subset of redacted discovery in an attempt to resolve the matter pre-complaint and/or pre-indictment.

5. Federal Rule of Criminal Procedure 16(d)(1) provides that the Court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief.

Although the Rule does not define good cause, the Advisory Committee notes explain that courts should consider, among other things, the safety of witnesses and any danger of witness intimidation. Fed. R. Crim. P. 16 (advisory committee's note to 1966 amendment).

6. Additionally, pursuant to 18 U.S.C. § 3771 (the Crime Victims' Rights Act), the term "crime victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2)(A). A crime victim has the following rights, in relevant part: "The right to be reasonably protected from the accused," and "The right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(1) and (8).

7. Furthermore, attorneys who practice before this Honorable Court must redact any personal identifying information, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

8. Among other things, the affidavit in support of the criminal complaint in this case stated that defendant Georgiy Seryogin sexually assaulted the 19-year-old victim on July 27, 2018 while aboard a nonstop flight from Tokyo, Japan to Washington Dulles International Airport in Dulles, Virginia. *See generally* Dkt No. 2. During the flight and while the victim was trying to sleep, the defendant put his hand against the victim's genitals, through her clothing and without her permission, and began to caress her genitals while using his other hand to try to spread her legs apart. *See* Dkt No. 2 at 14. The victim then pushed the defendant's hands off her. *Id.* The victim also froze in fear and began quietly crying, with tears streaming down her face. *Id.* at 15, 18, and 22.

9. Accordingly, the proposed Protective Order regulates discovery in this case by

restricting the use and dissemination of certain documents and electronic records (marked or otherwise designated as "PROTECTED MATERIAL"), and the information contained therein, to third parties, other than as necessary for the defendant's investigation of the allegations and preparation of his defenses. In addition, the proposed Protective Order prohibits the defendant from retaining and/or reviewing any Protected Material outside of his counsel's presence.

10. On May 4, 2019, the defendant's counsel reviewed the proposed Protective Order and informed the government that she is unwilling to agree to it at this point, especially the language concerning the defendant's access to materials, and asked the government to articulate its reasoning to seek such an Order in this case. Defense counsel also expressed concerned that the language in the proposed Protective Order "differs from other protective orders in much more sensitive cases" that her law firm has had with the United States Attorney's Office in the past. The defense, however, did not provide the government with any such examples.

11. The government responded to the defense's email that same day and noted the following: (1) not every document produced in discovery will be marked PROTECTED MATERIAL; and (2) if there is a report with the victim's name in it, for example, defense counsel will have a copy of that report and can even show it to the defendant so long as the defendant does not retain or review the report outside of the presence of the defendant's attorney in this area or his attorney in Massachusetts. The government explained that leaving an unredacted copy with the defendant, outside the presence of counsel, can lead to the unauthorized disclosure of such information to third parties. The government also provided defense counsel with copies of the Joint Motion and agreed Protective Order from *United States v. Jose Juan Jimenez,* 1:18-CR-468-TSE (Dkt. Nos. 56 and 57), which contained the same language as the proposed Protective Order in this case, and was agreed upon by defense

counsel's law firm. Finally, the government noted that, if defense counsel has any suggestions, the government would be happy to hear and consider them. For example, the government stated that, if there is a document produced in discovery that defense counsel wishes to leave with the defendant during trial preparations, defense counsel should feel free to contact the undersigned to obtain a version of the same document in which any sensitive information/identifiers are redacted. The government explained that it is trying to efficiently move this process along to be in a position to provide discovery at the arraignment stage.

12. On May 6, 2019, the government sent another email to defense counsel. In that correspondence, the government provided yet another Protective Order that defense counsel's law firm worked collaboratively with the United States Attorney's Office in November 2018 to have entered. In that matter, *United States v. Jun Ho Choi*, 1:18-MJ-511 (Dkt No. 14), a case in which defense counsel in this case entered her Notice of Appearance, paragraph 11 of the Protective Order stated that "<u>no Discovery</u> may be left with or given to the Defendant outside the presence and supervision of another member of the Defense Team" (emphasis supplied). The government noted that the proposed Protective Order in this case does not contain any such language and is focused on PROTECTED MATERIAL only, such as the victim's name and other personally identifying information. The government expressed its hope that the parties could work this out without requiring the Court's intervention, and respectfully asked the defense to state its position in light of the above-described examples. As was the case with the government's May 4 email, the defense did not respond to the government's May 6 email.

13. The government made a final attempt at resolving this issue by sending defense counsel another email three days ago on May 8, 2019. In that correspondence, the government summarized its prior emails and stated, in relevant part, "[i]f you could respectfully respond

5

today [May 8] or tomorrow [May 9], that would allow me to accurately note your position to the Court. If we do not hear back from you by noon tomorrow (5/9/2019), we will advise the Court that you object, which is the most recent (and only) position that I have from you about this. Just wanted to follow-up for a third and last time to offer you the courtesy of letting me know whether you still object before I file a contested motion with the Court." As was the case with the government's May 4 and May 6 emails, the defense declined to respond to the government's May 8 email.

14. The government has therefore attempted in good faith to resolve this issue without requesting the Court's intervention on three separate occasions since May 4, 2019. Certain discovery materials in this case necessarily contain sensitive information related to a 19-year-old victim, among other individuals. Given the nature of the allegations against the defendant, namely, his alleged abusive sexual contact, certain documents contain personal information about witnesses and/or others involved in the investigation.

15. The defendant has raised no issues in his case that make his situation distinct from any other defendant before the Court. The defendant is not incarcerated and presumably has unfettered access to his retained defense counsel and his counsel's office - - in either the Washington, D.C. area or Massachusetts given that he has retained counsel in multiple jurisdictions - - to view the discovery materials provided by the government if he desires to do so. *See, e.g., United States v. Workman*, No. 1:18-cr-00020, 2019 WL 276843, at *1 (W.D. Va. Jan. 22, 2019) (affirming the Magistrate Judge's Order, which denied the defendant's motion seeking to provide the defendant copies of government's discovery material, rather than requiring him to review the material at defense counsel's office). *See also United States v. Barbeito*, Criminal Action No. 2:09-cr-00222, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009)

(noting that while paper copies of discovery materials are not required to threaten or intimidate witnesses, they compound the danger that threats or harm occur).

WHEREFORE, the undersigned respectfully requests that the Court enter the proposed Protective Order. The government is prepared to appear for a hearing on this motion, if deemed necessary, at the Court's earliest convenience. The government believes that the defendant should be present at any such hearing given that the issue in dispute involves his purported desire to obtain unfettered access to certain sensitive discovery materials.

                                            Respectfully submitted,

                                            G. Zachary Terwilliger
                                            United States Attorney

By:    /s/ *Raj Parekh*
          Raj Parekh
          Maureen Cain
          Assistant United States Attorneys
          United States Attorney's Office
          Eastern District of Virginia
          2100 Jamieson Avenue
          Alexandria, VA 22314
          Phone: (703) 299-3700
          raj.parekh@usdoj.gov
          maureen.cain@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/  *Raj Parekh*
Raj Parekh
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700 (telephone)
(703) 299-3982 (fax)
raj.parekh@usdoj.gov