IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:19-mj-188 |
| GEORGIY SERYOGIN, | ) |
| a/k/a "George Seryogin" | ) |
| | ) |
| Defendant. | ) |

## **DEFENDANT'S RESPONSE TO CONTESTED MOTION FOR A PROTECTIVE ORDER**

Comes now the Defendant, Georgiy Seryogin, by and through counsel Mary M. Nerino, and respectfully objects to the entry of the Proposed Protective Order in the above-captioned case. Defendant asserts that certain language in the Proposed Protective Order remains unsupported by the authorities cited in the United States' Contested Motion for Entry of a Protective Order. Defendant specifically objects to the language in Section Five of the Proposed Protective Order, directing that "Protected Material may not be left in the custody or control of the defendant. In addition, the defendant is prohibited from reviewing any Protected Material outside of his counsel's presence." Defendant asserts that: 1) the United States does not have a right to a protective order in this type of case, but instead must rely on the Court's discretion *after* a showing of good cause; 2) the United States has not met its burden to demonstrate good cause for a protective order in this case, much less an order with these proposed restrictions; 3) even should this Court ultimately determine that some good cause exists, there are reasonable, less drastic alternatives than the proposed language that would better serve this purpose; and 4) the Proposed Protective Order, as written, would unreasonably interfere with the Defendant's

ability to prepare and present a full defense at trial. In support thereof, the Defendant states as follows:

## I. Background

On April 23, 2019, the government charged the Defendant by criminal complaint with one count of abusive sexual contact aboard an aircraft in violation of Title 18, United States Code, Section 2244(b) and Title 49, United States Code, Section 46506(1). *See* Dkt. Nos. 1-2. The Defendant turned himself in immediately upon issuance of the warrant. *See* Dkt. Nos. 6-7. Defendant was released with multiple pretrial conditions that, among other things, restricted his movement and prohibited contact with the alleged victim or any other potential witnesses in this case outside the presence of his attorney. *See generally* Dkt. Nos. 10-12. Defendant has continued to follow the Court's order in relation to his conditions, and maintains contact with pretrial services in both his resident state of Massachusetts and here in the Eastern District of Virginia.

The charge against Defendant stems from an allegation of an incident that occurred some nine months earlier, on July 27, 2018, aboard an aircraft en route to Dulles International Airport. *See generally* Dkt. No. 2. On that date, the Federal Bureau of Investigation (hereinafter "FBI") conducted an interview with both the Defendant and the alleged victim in this case. In the nine months thereafter, the FBI continued to investigate and per the United States' motion, the United States "has [since] gathered or generated documents, including electronic records, which contain confidential and/or sensitive information, including law enforcement sensitive information and personal identifiers for the victim, witnesses, and/or non-parties in this case." Pros'n's Mot. for

Protec. Order, 2 at ¶ 4. The United States further asserts that, "[t]hese documents and electronic evidence potentially include, but are not limited to, law enforcement investigative reports, materials obtained from the 19-year-old victim, and other documents generated by grand jury subpoena." *Id.*

As the United States notes in its motion, "prior to charging this case, the government provided Defense Counsel with a limited subset of redacted discovery in an attempt to resolve the matter pre-complaint and/or pre-indictment." *Id*. Per informal agreement, these documents were furnished to attorney Mary Nerino via email and Defendant was not permitted to obtain or retain copies of these redacted documents. As directed, Defense Counsel did not share copies of these documents with anyone outside of the defense team within her firm—even to the exclusion of Defendant's local Massachusetts counsel James Lawson, who was hired to help facilitate a turn-in or local motion should Defendant be arrested in Massachusetts. Per informal agreement, Defendant was only permitted to view these documents in person or via the video conferencing application Skype, and was not permitted to copy them for review, resulting in significant time delays in explanation and review as counsel had to read and re-read documents to convey their meaning to the Defendant. Ms. Nerino communicated her frustration over the unnecessary complications of this communication method to Assistant United States Attorney, Mr. Parekh. Both Defendant and Defense Counsel respected Mr. Parekh's informal requests, despite the absence of any protective order.

Since Defendant was released on pretrial conditions, he returned to and has remained at his Massachusetts residence awaiting trial. Defendant has faithfully followed the Court Order regarding contact with the victim or witnesses in this case. Defendant cannot afford to travel to Virginia every time he needs to review evidence or assist counsel in preparation for trial.

Defense Counsel therefore communicated to the United States, via email, that this proposed restriction would not be acceptable and that Defense Counsel could not agree to such restriction, which brings us to the United States' Motion on this issue.

## II. Argument

*1. & 2. The United States does not have the right to a protective order in this case, and has not made a sufficient showing of good cause to warrant such discretionary order.*

Federal Rule of Criminal Procedure 16(d)(1) provides, in relevant part, that "[a]t any time the court *may*, *for good cause*, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1)(emphasis added). The permissive "may," limited by the phrase "for good cause," imbues the Court with the authority to impose such a protective order, but only after good cause for such restriction, denial, or deferral is submitted to the Court in support thereof. Defendant agrees with the United States' motion to the extent that this Court should consider the Advisory Committee's notes on the issue, but would draw the Court's attention to the full text of the Committee note on the subsection:

This subdivision gives the court authority to deny, restrict or defer discovery *upon a sufficient showing*. Control of the abuses of discovery is necessary if it is to be expanded in the fashion proposed in subdivisions (a) and (b). Among the considerations to be taken into account by the court will be the safety of witnesses and others, a *particular* danger or perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals.

Fed. R. Crim. P. 16 (Advisory Committee's note to 1966 amendment)(emphasis added). The Advisory Committee emphasizes the importance of good cause, clarifying the requirement for a "sufficient showing" by the proponent and noting that the purpose of the protective order is to "control the abuses of discovery." The Committee further adds the qualifier of "particular" to danger, perjury, and witness intimidation. Defendant contends that this "good cause" language of

4

the Rule, coupled with the Advisory Committee language, creates a requirement, at a minimum, for a sufficient *specific* showing by the United States. For example, should the United States claim witness safety is an issue, it must show a particularized basis for a risk of witness safety or intimidation to require a protective order on those grounds. The United States' motion, however, neither specifies its concerns nor grounds its request in any basis in facts of this case. *See generally* Pros'n's Mot. for Protec. Order, 3 at ¶¶ 6-15. The closest the United States comes to identifying a specific concern appears to be in Section 14, where it states that "[c]ertain discovery materials in this case necessarily contain sensitive information related to a 19-year-old victim, among other individuals." *Id.* at ¶ 14. The United States follows this with, "[g]iven the nature of the allegations against the defendant, namely, his alleged abusive sexual contact, certain documents contain personal information about witnesses and/or others involved in the investigation." *Id.* The United States fails to elaborate on or specifically show what makes this presumably otherwise-discoverable personal information sensitive enough to restrict Defendant to viewing only under the supervision of his attorney. *Id.*

The United States likewise argues that the goal is to protect the personal and identifying information of the victim, witnesses and non-parties. *See generally* Pros'n's Mot. for Protec. Order, at ¶¶ 1-9. It cites 18 U.S.C. § 3771(e)(2)(A) and 18 U.S.C. §§ 3771(a)(1) and (8), and the right of the victim to be "reasonably protected from the accused," but does not present any evidence to indicate any way in which the defendant is a continuing threat to the victim such that the language in this Proposed Protective Order is necessary. *Id.*

Outside of an unparticularized reference to "sensitive information" and "personal information," the United States' argument for the issuance of the Proposed Protective Order in this case relies primarily on an idea that protective orders are generally agreed upon in the

5

Eastern District of Virginia, and that some protective orders with similar language have been issued in other cases. *See generally* Pros'n's Mot. for Protec. Order. Defendant would urge this Court to reject that argument in favor of a case-specific, fact-based consideration of the protective order as contemplated by FRCP 16(d)(1). Furthermore, not one of the cases referenced by the United States involves similar charges to the instant case, and in all referenced cases, the protective orders were grounded in specific fact-based arguments of good cause for the restrictions by the United States. Defendant is reluctant to add to its lengthy response, but feels it must take time to differentiate each case cited in the United States' motion since the motion relies quite heavily on this argument.

In *United States v. Jose Juan Jimenez*, 1:18-CR-468-TSE (Dkt. Nos. 56 and 57), the facts of the case involved drug distribution charges, multiple co-defendants, an ongoing drug investigation, and informants. Upon speaking with counsel of record in that case, it appears that the defendant in that case was incarcerated pending trial, alongside codefendents. None of the concerns in the *Jimenez* case protective order considerations are applicable to the instant case.

*United States v. Jun Ho Choi,* 1:18-MJ-511 (Dkt. No. 14) involved possession of child pornography, and the protective order was extremely specific: its purpose was to protect minor victims and minor witnesses, and providing that defendant copies of the discovery could violate 18 U.S.C. §§ 3509(d)(3), (m) (concerning the rights of child victims and witnesses) *and* would violate FRCP 49.1(a) (requiring redaction of minor's information). This protective order also specifically identified the "sensitive information" to be protected and did not leave it to the government to define as the case progressed. *Id.*

In *United States v. Workman,* No. 1:18-cr-00020, 2019 WL 276843, at *1 (W.D. Va. Jan. 22, 2019), the government argued, in support of a protective order, that the discovery

6

information included sensitive information "regarding confidential informants," that "the allegations against the defendant include sexual relationships with confidential informants," and that "the defendant ha[d] been charged by the grand jury in this case with destroying evidence, obstructing justice, and tampering with witnesses, charges that may give rise to concerns about his unsupervised possession of discovery materials." *Id.* at *2. In its review for clear error, the court based its affirmation of the decision to deny the defendant copies of the evidence on two fact-based concerns. *Id.* First, the court noted that "there is probable cause to believe that [the defendant] has intimidated a confidential informant and altered or destroyed records, making it appropriate to limit his unsupervised access to discovery materials." *Id.* As a secondary matter, the court also found that "the discovery materials contain personal information about sexual relationships, information about which witnesses may be especially vulnerable to intimidation." *Id.* There is no similar allegation in the instant case, either of evidence-related bad acts on the part of the Defendant, or a particular basis for witness intimidation.

Finally, in *United States v. Barbeito,* Criminal Action No. 2:09-cr-00222, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009), the court found that there was good cause for the issuance of a protective order in a complicated conspiracy case involving over 50 named defendants and numerous confidential informants. *Id*. The court noted, in its decision, that "[t]he risks presented to informants in this case *are more than theoretical*. There appear to be allegations and evidence in the record already of efforts to harm informants by at least some of the defendants in this case." *Id. (Emphasis added).*

*3. There are reasonable, less drastic alternatives than the language stated in the Proposed Protective Order.*

Even if the Court finds that the United States has established fact-based reasons for the protection of specific sensitive material in this case, the Court should only enter a Protective Order where no less drastic alternatives are feasible, such as a memorandum of agreement regarding the treatment of documents or redaction of sensitive or personal information. *See e.g. Deltek Sys. v. Kinetek Consulting, L.L.C.*, 2005 U.S. Dist. LEXIS 42520, *2. Before this Court should reach any consideration of whether less drastic alternatives exist, however, the United States must first present facts establishing what information they seek to conceal with a Protective Order and why that information merits protection, as argued in the above-section regarding the basis for a protective order.

Although Defendant does not concede that a protective order is necessary in this case, it is important to note that the Defendant is not seeking, and has never asked for, "unfettered access" to all discovery material. The Defendant has no interest, for example, in retaining his own copies of witness addresses or other specifically-identified sensitive information. Should the United States produce an specific list of sensitive information it wishes to redact, and provide Defendant with 1) a redacted copy to reference outside of the presence of counsel, and 2) an unredacted copy to view only in the presence of counsel, Defendant would willingly agree to sign a memorandum of understanding or agree to a specifically-written court order regarding the use of such information. The Proposed Protective Order, however, is not specific and goes far beyond the appropriate bounds of FRCP 16(d) given the evidence in this case and the basis laid out by the United States. Defendant thus cannot agree to it as written.

While the United States' motion notes many dissimilar cases in which a protective order was either agreed upon or issued, it also noticeably does not direct the Court's attention to a single protective order from a similarly charged offense within the Eastern District of Virginia. Defense Counsel's firm, has, however, recently entered into a consent order on a similar issue in the case of *United States v. Isaac N. Gibbons*, 1:18-CR-454-CMH (Dkt. No. 17) on December 20, 2018. Like Mr. Seryogin, the defendant in the *Gibbons* case was charged with Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(b). Unlike Mr. Seryogin, the defendant in *Gibbons* was also charged with the more serious offenses of Aggravated Sexual Abuse by Force, in violation of 18 U.S.C. § 2241(a), and one count of Sexual Abuse, in violation of 18 U.S.C. § 2242(1). *Id.* Notably, the consent order in that case specifies the information to be deemed sensitive by the United States and does not include a prohibition on Defendant's independent review of discovery information. *Id*.

*4. The Proposed Protective Order, as written, would unreasonably interfere with the Defendant's ability to prepare and present a full defense at trial.*

Should this Court deem protective action appropriate in this case beyond redaction, the Defendant would urge this Court to first consider less drastic alternatives to the Protective Order as written. When considering whether less drastic alternatives exist, the Court must seek to balance the sensitive nature of the information against the defendant's Sixth Amendment right to mount a proper defense. *See United States v. Lindh*, 198 F. Supp. 2d 739 (E.D. V.A. 2002). In *Lindh*, the defendant was charged with a 10-count indictment of terrorism-related offenses, and much of the discovery information involved matters of national security, specifically classified

9

and unclassified information relating to a sensitive ongoing federal investigation. *Id.* Even in a case with serious national security concerns forming a very solid basis of the protective order request, the judge in *Lindh* still emphasized the importance of the inquiry into the balance between the specific interests of the government and the defendant's right to prepare and present a full defense at trial, noting,

> "Of course, courts should take care to ensure that the protection afforded to such information is no broader than is necessary to accomplish the national security goals. In this regard, courts should be sensitive to less restrictive alternatives available to achieve this goal…[a]nd in determining whether to accord protection to certain materials, and the extent of such protection, courts should weigh the impact this might have on a defendant's due process right to prepare and present a full defense at trial."

*Id.* at 741,742.

In the instant case, the Proposed Protective Order does not distinguish which documents or material would be considered "Protected Material," and as written, would give the United States nearly unlimited control over how he is able to prepare his defense. The Proposed Order language would render Defendant unable to review not only the documents and discovery, but also any of his own notes containing information about the protected documents without the physical presence of counsel in the room. Given the distance between the Defendant's residence in Massachusetts and Defense Counsel in the Metropolitan DC Area, the prohibitive cost of airline tickets and hotels would add additional limitations to Defendant's ability to physically be present in a room with counsel. Because of this distance, the majority of the trial preparation and discovery review will likely need to be completed by phone or by video conferencing. During these long-distance conversations, Defendant will need to refer to documents, statements, and notes while discussing trial strategy and witness examination in order to ask questions and take an active role in trial preparation. For example, there is reason to believe that certain witnesses in this case gave multiple statements over the nine months between the incident and the charging

date. Comparing, discussing, or addressing any potential inconsistencies in these statements will be unreasonably difficult without the Defendant's ability to compare the documents themselves against his own memory of the incident during these conversations. A more reasonable approach would be to allow Defendant copies of the appropriately redacted discovery documents outside of the presence of his counsel.

Of note, the Defendant has already been ordered by this Court not to contact the alleged victim or any witness as a condition of his pretrial release on bond. *See* Dkt. Nos. 10,12. Defendant has not made any attempts to contact any witnesses in this case. The Defendant's ability access to discovery documents to prepare his defense will not change his continued respect for the Court's Pretrial Order on this issue. Defendant would also like to emphasize that he has never requested, and has no desire to review sensitive identifiers, such as witness addresses or contact information, outside of the presence of his counsel. Defendant simply requests the ability to reference discovery documents and notes while preparing for trial.

**Conclusion**

WHEREFORE, for the reasons discussed in this Response, the Defendant respectfully asks this Court to DENY the United States' Contested Motion for Entry of a Protective Order as lacking a good cause basis in this case. Furthermore, if this Honorable Court deems it necessary to have a hearing on this motion, Defendant would respectfully request that his appearance be excused pursuant to Federal Rule of Criminal Procedure 43(b)(3).

Respectfully Submitted,

Georgiy Seryogin, by counsel


    /s/        MMN

Mary M. Nerino VSB 86431
*Counsel for Defendant*
Price Benowitz, LLP
10505 Judicial Drive, Ste 101
Fairfax, VA 22030
Tel: 703.969.0849
Fax: 703.991.0604
Mary@pricebenowitz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2019, I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

            /s/    MMN

          Mary M. Nerino VSB 86431
          *Counsel for Defendant*
          Price Benowitz, LLP
          10505 Judicial Drive, Ste 101
          Fairfax, VA 22030
          Tel: 703.969.0849
          Fax: 703.991.0604
          Mary@pricebenowitz.com